# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK CALVERT,<br><br>JASON E. CLARK,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>OKLAHOMA GAS & ELECTRIC<br>　　COMPANY,<br><br>　　　　Defendant. | <br><br><br><br><br><br>No. CIV-22-65-F<br><br>ADEA/STATE LAW CLAIMS<br>ARISING IN OKLAHOMA COUNTY<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

## PARTIES

1. The Plaintiffs are:

   A. Mark Calvert, and

   B. Jason E. Clark.

2. The Defendant is Oklahoma Gas & Electric Company, an entity doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on age as prohibited by the ADEA and by state law. Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. 626(c) and 28 U.S.C. § 1331. Jurisdiction over the state law claims is vested under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Plaintiff Mark Calvert is an adult male over fifty (50) years of age who was employed

       by the Defendant from approximately November, 1998, until his wrongful termination on or about June 21, 2021. At time of his termination, Mr. Calvert was working as a Line Foreman.

6. Plaintiff Jason E. Clark is an adult male over fifty (50) years of age who was employed by the Defendant since April of 1992. At the time of his termination, Mr. Clark was a Lineman.

7. On June 12, 2021, both Plaintiffs were called to work a downed power line. This was not Mr. Calvert's regular work schedule and when Calvert reported to work he was only working as a crew member- not as Foreman of the crew.

8. At the work site on June 12, 2021, a lineman climbed a power pole, but he did so without following the proper safety procedure. As a result, that lineman suffered a serious injury.

9. Neither of the Plaintiffs was acting as a supervisor of the site or of the injured lineman. Neither Plaintiff was involved in supervising, directing, assisting or allowing that lineman to climb the power pole without safety equipment, and neither Plaintiff had an actual knowledge of that action until after the injury occurred. Mr. Clark was physically about 50 yards away from where the accident took place and did not have line of sight on what was occurring.

10. Plaintiff Calvert gave a statement as to his knowledge of the incident and the official conducting the investigation confirmed to Calvert that he (Calvert) was not at fault and that his job was not in jeopardy.

11. Defendant fired both Plaintiffs along with every other person who was part of the work crew and a management official, Jeff Warner, who was not even at the site at the time of the incident. Everyone who was fired was fifty (50) years old or older and each were members of a pension system which OG&E was attempting to phase out.

12. As to Defendant Clark, OG&E claimed he had not done a written "tailboard",

however OG&E did not fire other younger employees who failed to have a written "tailboard".

13. At the time the Plaintiffs were fired, OG&E was attempting to reduce the number of older employees through an 'early out' program. By firing Plaintiffs and the other over age fifty employees, OG&E was able to achieve the goal of getting rid of older employees without having to pay the incentives for the 'early out' program.

14. The real reasons for terminating each Plaintiff was their age.

15. As the direct result of each Plaintiff's wrongful termination, each Plaintiff has suffered from lost earnings and benefits, past, present and future.

16. Because the actions of the Defendant were willful and carried out by management level employees, each Plaintiff is entitled to a recovery of liquidated damages in an amount equal to lost earnings and benefits through the date of trial.

17. On or about July 2, 2021, Plaintiff Calvert timely filed an administrative charge of discrimination with the EEOC asserting discrimination based on age. More than sixty (60) days have passed since the filing of such charge and therefore Plaintiff Calvert is entitled to bring this action.

18. On or about October 4, 2021, Plaintiff Calvert timely filed an administrative charge of discrimination with the EEOC asserting discrimination based on age. More than sixty (60) days have passed since the filing of such charge and therefore Plaintiff Clark is entitled to bring this action.

## **PRAYER**

**WHEREFORE,** each Plaintiff prays that he be awarded his actual and liquidated damages herein together with costs, pre- and postjudgment interest and attorney's fees and any other relief as may be appropriate.

**Respectfully submitted this 21st day of JANUARY, 2022.**

<u>s/Mark Hammons</u>

**HAMMONS, HURST & ASSOC
MARK HAMMONS OBA # 3784
325 DEAN A. McGEE
OKLAHOMA CITY, OK 73102
(405) 235-6100
FAX: (405) 235-6111
taylor@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED**